IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Firebaugh Canal Water District, and Central California Irrigation District,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America.<br><br>Defendant. | No. 05-262L<br><br>Senior Judge Eric Bruggink |

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING 28 U.S.C. § 1500**

Pursuant to the Court's Order of January 12, 2006, and the instructions provided by the Court during oral argument held on January 11, 2006, Defendant submits this supplemental brief to address the application of 28 U.S.C. § 1500 to this case.[1] In accordance with the Court's instructions, this supplemental brief is limited to several questions raised at oral argument that relate to the question of whether Plaintiffs' tort claims were still "pending," within the meaning of Section 1500, at the time they filed their complaint in this Court.

**I. Does the district court still have any power or discretion over Plaintiffs' tort claims and, if so, have those claims been "finally disposed of" within the meaning of *UNR Industries*? (Tr. pp. 47-78; p. 86)**

The application of 28 U.S.C. § 1500 in this case turns, in relevant part, on whether the tort claims brought by Plaintiffs in their federal district court action have been finally disposed of by that court. This determination is critical because until those claims are finally disposed of, they remain subject to the district court's jurisdiction and that court retains both the authority and

[1]The transcript of the oral argument held on January 11, 2006, is cited in this supplemental brief as "Tr."

the discretion to reconsider and revise any rulings it has made with respect to those claims, either on Plaintiffs' motion or *sua sponte*. As long as the district court retains jurisdiction, Section 1500 presents a jurisdictional bar that precludes Plaintiffs from pursuing their takings claims in this Court.

In UNR Industries v. United States, the Federal Circuit's application of Section 1500 turned on whether the "same claim" was "pending" in other court, or whether that same claim had been "finally disposed of" by the other court. UNR Industries, Inc. v. United States, 962 F.2d 1013, 1021 (Fed. Cir. 1992) (en banc), aff'd sub nom. Keene Corp. v. United States, 508 U.S. 200 (1993). The Federal Circuit held that Section 1500 applies and the Court of Federal Claims has no jurisdiction "if the same claim is pending in another court at the time the complaint is filed" in the Court of Federal Claims. 962 F.2d at 1021. Conversely, if the same claim has been "finally disposed" of by another court before a complaint is filed in the Court of Federal Claims, Section 1500 is no longer applicable because "ordinary rules of res judicata and available defenses apply."[2] Id. In this case, a review of the applicable Federal Rules of Civil Procedure conclusively demonstrates that, when Plaintiffs filed their CFC Complaint, their tort claims had not been "finally disposed of," but instead remained pending before the district court and subject to that court's jurisdiction.

Plaintiffs' district court action, in its present iteration, includes tort claims and claims under the Administrative Procedure Act ("APA"). Def. Ex. 22 (Plaintiffs' Fifth Amended

---

[2]The single judge who dissented from the en banc opinion in UNR agreed with this particular point, stating that "[o]bviously, if an earlier-filed suit is carried through to final adjudication on the merits and is thus no longer pending at the time the Claims Court considers § 1500 jurisdiction, the action would be subject to res judicata principles." UNR, 962 F.2d at 1029 n.4 (Plager, J., dissenting).

District Court Complaint). Because Plaintiffs' district court action presents more than one claim for relief, the determination of whether Plaintiffs' tort claims have been finally disposed of is governed by Fed. R. Civ. P. 54(b), which provides in relevant part that:

> [w]hen more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . .shall not terminate the action as to any of the claims . . . , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . .

Fed. R. Civ. P. 54(b) (emphasis added). Significantly, a decision that remains subject to revision prior to the entry of final judgment "has no preclusive effect." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 368 n.5 (9th Cir. 1989).

Although the district court has entered a decision granting the government's motion to dismiss Plaintiffs' tort claims (Def. Ex. 15), there has been no entry of partial final judgment as to those claims under Rule 54(b), nor has there been an entry of final judgment as to all of the claims brought in Plaintiffs' district court action.[3] Accordingly, the district court's dismissal of Plaintiffs' tort claims is subject to revision and does not yet have preclusive effect. Fed. R. Civ.

---

[3]The lack of finality in the district court action is also demonstrated by the fact that Plaintiffs cannot yet appeal the district court's ruling as to their tort claims. See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981) (an order dismissing fewer than all claims is non-final and cannot be appealed unless it is certified under Rule 54(b)); Silicon Image, Inc. v. Genesis Microchip Inc., 395 F.3d 1358, 1362-63 (Fed. Cir. 2005) (same). Plaintiffs' counsel conceded at oral argument that Plaintiffs do not yet have the right to appeal the district court's decision that dismisses their tort claims. Tr. at 47-48. Plaintiffs have offered no justification for treating a decision that is non-final for the purposes of appeal as final for the purposes of applying Section 1500. The same principles of finality that preclude the Ninth Circuit from exercising jurisdiction over Plaintiffs' claims also apply and preclude this Court from exercising jurisdiction over those claims under Section 1500.

P. 54(b). See also Pyramid Lake Paiute Tribe, 882 F.2d at 369 n.5 (a district court "has discretion to reconsider its prior, non-final decisions"); Klamath Irrig. Dist. v. United States, 69 Fed.. Cl. 160, 164 (2005) (absent the entry of a partial final judgment under Rule 54(b), "'an [o]rder dismissing one of several counts remains interlocutory.'" (quoting Florida Power & Light Co. v. United States, 66 Fed. Cl. 93, 97 (2005))). Applying the plain language of Rule 54(b) and the Federal Circuit's ruling in UNR, it is clear that Plaintiffs' tort claims have not yet been "finally disposed of," but instead remain "pending" before the district court. Accordingly, Section 1500 applies and Plaintiffs' CFC Complaint should be dismissed.

## II. What is the effect of a voluntary dismissal by a plaintiff on a district court's jurisdiction over the dismissed claims? (Tr., pp. 49-51; p. 86)

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of actions in the federal district courts.[4] Whether a plaintiff can voluntarily dismiss an action under Rule 41(a), and thereby terminate the district court's jurisdiction over that action without the involvement or approval of the court, depends on the timing of the plaintiff's decision to dismiss.

Under Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]" This provision is "'designed to permit a disengagement of the parties at the behest of the plaintiff . . . in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case.'" Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993) (quoting Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971)). Once a notice of dismissal is filed under Rule 41(a)(1), "the district court in

---

[4]The relevant provisions of the corollary rule in this Court, RCFC 41(a), are identical to Fed. R. Civ. P. 41(a).

which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999); see also Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (a dismissal under Rule 41(a)(1) "is effective on filing and no court order is required"), cert. dismissed, 517 U.S. 1183 (1996). In other words, the effect of a voluntary dismissal under Rule 41(a)(1) "is to 'leave[] the parties as though no action had been brought.'" Commercial Space Mgmt., 193 F.3d at 1077 (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). Such a dismissal "is not adverse to the plaintiff's interests" and "[t]he plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum." Concha v. London, 62 F.3d at 1507.

Once an action proceeds beyond the filing of the answer or a motion for summary judgment, whichever occurs first, the plaintiff can no longer terminate the district court's jurisdiction over its claims by voluntarily dismissing without a court order under Rule 41(a)(1). Instead, a plaintiff who seeks to terminate a claim or action at a later stage of a case must file a motion under Rule 41(a)(2), which provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." This language provides the district court with discretion to determine whether to order a dismissal and, if so, the authority to set the "terms and conditions" of such a dismissal.

When Plaintiffs filed their Complaint in the Court of Federal Claims ("CFC") on February 28, 2005, they no longer had a right under Rule 41(a)(1) to voluntarily dismiss their tort claims without the district court's consent or approval. Prior to filing their CFC Complaint, Plaintiffs filed their Fifth Amended Complaint in their district court action (June 1, 2004), and

the government filed its answer to that complaint (June 18, 2004). Def. Ex. 9 (PACER Docket Sheet for District Court Action, entries for Doc. Nos. 930 and 933); Def. Ex. 22 (Fifth Amended Compl.). In addition, the government filed a motion to dismiss or for judgment on the pleadings (Def. Ex. 23), and this motion was partially granted by the district court in its decision of November 19, 2004 (Def. Ex. 15). Accordingly, Plaintiffs' district court action had proceeded well beyond the "early stages" during which they could voluntarily dismiss under Rule 41(a)(1). Instead, having chosen to litigate their tort claims in district court for a number of years, Plaintiffs' district court action has advanced to a stage where Plaintiffs' only option for voluntarily dismissing their tort claims is to move for dismissal under Rule 41(a)(2).

Thus, while Rule 41(a)(1) may, in theory, offer some litigants a viable option for addressing and avoiding a jurisdictional problem under Section 1500 prior to filing a complaint in the CFC, that option was not pursued by the Plaintiffs in this case during the early stages of their district court action. Instead, Plaintiffs opted to pursue their tort claims in district court until their district court action reached a more advanced stage where a voluntary dismissal without the district court's approval was no longer an option. Having elected to litigate their tort claims in district court to the point where the district court already has issued an adverse but non-final ruling on those claims, Plaintiffs cannot now set the district court action aside and begin anew in the CFC until they have a final disposition of their tort claims. Such a result is entirely consistent with the purposes of Section 1500, which is "to force an election of forum and to prevent simultaneous dual litigation against the government." UNR, 962 F.2d at 1021.

**III. What do motions for reconsideration, or the right to seek reconsideration, imply about a trial court's powers? (Tr., p. 46 and p. 86)**

Several of the Court's inquiries at oral argument were directed at the import of a motion

for reconsideration, and whether the filing of such a motion makes a trial court's decision non-final, or whether the filing of such a motion (or the option of filing such a motion) is indicative of the trial court's continuing jurisdiction over the claim.

The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir.1963)); see also Terry v. Travelers Indemnity Co., 2005 WL 3031195 (E.D. Cal. Nov. 4, 2005) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter or revoke it.'" (quoting United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000))). As explained above, the district court's order dismissing Plaintiffs' tort claims is non-final because the district court has not entered a partial final judgment under Rule 54(b), nor has the district court entered final judgment as to all of the claims brought by Plaintiffs in the single action pending before the district court. Accordingly, the district court still has jurisdiction over Plaintiffs' tort claim and may revise its order at any time before the entry of a final judgment.[5]

Plaintiffs contend that their tort claims have been dismissed and are no longer part of the district court lawsuit because the district court judge has issued his decision and "summarily dismissed" Plaintiffs' request for reconsideration. Tr. at 46-47. However, the narrowness of the

---

[5]Contrary to Plaintiffs' suggestion, the filing of a motion for reconsideration would not reinstitute or reinstate Plaintiffs' tort claims. Tr., pp. 46-48. Indeed, there is nothing to "reinstate" until after a final judgment has been issued (which has not yet occurred), and, after the entry of final judgment, the district court's ability to "reinstate" a claim that it has finally disposed of is quite limited. See Fed. R. Civ. P. 59 and 60(b).

applicable standard for reconsideration,[6] and even an indication from the district court that a motion for reconsideration would not be well received, does not eliminate the district court's discretion to modify its decision prior to the entry of final judgment or otherwise terminate the district court's jurisdiction. As long as the district court still has jurisdiction, that court has discretion to revise its prior rulings at any time prior to the entry of final judgment, either on Plaintiffs' motion or *sua sponte*.

The district court thus has inherent power to modify its ruling as to Plaintiffs' tort claims *because* it still has jurisdiction over those claims. Once the district court enters final judgment as to Plaintiffs' tort claims (which the district court has not yet done), it cannot exercise further jurisdiction over those claims except under the limited circumstances set forth in Fed. R. Civ. P. 59 and 60. Once the district court's jurisdiction comes to an end after the entry of final judgment, Plaintiffs have a number of options. At that time, Plaintiffs can elect to pursue an appeal of the district court's final judgment (or some portion thereof) to the Ninth Circuit. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions. . . ." (emphasis added)); Fed. R. App. P. 4 (time to take appeal runs from entry of final judgment). See also note 3, *supra*. Alternatively, because the entry of final judgment is a final

[6]In the Ninth Circuit, as elsewhere, the "'major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe, 882 F.2d at 369 n.5 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 790). The Eastern District of California, where Plaintiffs' other action is pending, also has a local rule that governs the contents of an application for reconsideration. See E.D. Cal. Local Rule 78-230(k) (Civil Motion Calendar and Procedure, Applications for Reconsideration). The fact that Plaintiffs do not believe that they have strong grounds for seeking reconsideration does not change the fact that the district court still has jurisdiction over their tort claims and retains discretion to reconsider and revise its prior rulings as to those claims at any time before the entry of final judgment as to all of the claims in the district court action.

disposition of Plaintiffs' claims, Plaintiffs could thereafter elect to file their takings claims in the CFC. As discussed above in Section I, Section 1500 would not preclude this Court from exercising jurisdiction at that time; instead, "ordinary rules of res judicata and available defenses" would apply. UNR, 962 F.2d at 1021.

In sum, the Federal Circuit in UNR drew an important distinction between claims that are still "pending" in another court and claims that have been "finally disposed of" by such a court. The jurisdictional statutes and ordinary rules of civil procedure discussed herein, including the final judgment rule, govern the determination of whether claims have been "finally disposed of" or are still "pending." If the claims are still pending, Section 1500 applies and precludes the filing of a second action in this Court. If the claims have been finally disposed of, Section 1500 is no longer necessary because ordinary rules of res judicata and other defenses apply if a second action alleging the same claims is subsequently filed in this Court.

Plaintiffs in this case elected to pursue their claims against the United States as tort claims. Applying the statutory provisions and the rules of civil procedure discussed above, there can be no question that the district court still has jurisdiction over those tort claims and that such claims are still "pending" before the district court. Section 1500 thus precludes Plaintiffs from initiating a second action against the United States in this Court until they obtain the requisite finality in their district court action. Once that requirement is met, the Plaintiffs may then elect to file an action in this court, and "ordinary rules of res judicata and available defenses" will apply to those claims. UNR, 962 F.2d at 1021. This result is entirely consistent with the purposes of Section 1500. Accordingly, for the reasons set forth above and in Defendant's previously filed motion to dismiss and supporting memorandum, Plaintiffs' Complaint should be dismissed for lack of jurisdiction under 28 U.S.C. § 1500.

DATED: February 15, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone No.: (603) 230-2583
Facsimile No.: (603) 225-1577
E-mail: kristine.tardiff@usdoj.gov

<u>OF COUNSEL</u>:

STEPHEN M. MACFARLANE
United States Department of Justice
Environment & Natural Resources Division
501 I Street, Suite 9-700
Sacramento, CA 95814-2322

BARBARA GEIGLE
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

JIM TURNER
United States Department of the Interior
Office of the Regional Solicitor
Sacramento, CA 95825