MICHAEL V. SEXTON, SBN 119354
MINASIAN, SPRUANCE,
MEITH, SOARES, & SEXTON, LLP
1681 Bird Street
Post Office Box 1679
Oroville, CA 95965-1679
Telephone: (530) 533-2885
Facsimile: (530) 533-0197

Attorneys for Plaintiffs Firebaugh Canal Water District
and Central California Irrigation District

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **FIREBAUGH CANAL WATER DISTRICT, and CENTRAL CALIFORNIA IRRIGATION DISTRICT,**<br><br>Plaintiffs,<br><br>-vs-<br><br>**UNITED STATES OF AMERICA**<br><br>Defendant. | **NO. 05-262L**<br>**Senior Judge Eric G. Bruggink**<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING 28 U.S.C. §1500 PENDENCY** |

Pursuant to this Court's order of January 12, 2006, and as instructed by this Court during oral argument held on January 11, 2006, Plaintiffs submit this supplemental brief regarding the application of 28 U.S.C. §1500 to this case.

At oral argument, the Court voiced several concerns:

- First, what is the extent of the District Court's power to reinstate claims dismissed by interlocutory order? (Transcript ("Tr"), pp.46-47, p.86).
- Second, how does the District Court's reinstatement power affect pendency under 28 U.S.C. §1500? (Tr., pp.46-47, p.86).
- Third, if Plaintiffs had voluntarily dismissed State law tort claims, how would that affect Court of Federal Claims (hereinafter "CFC") pendency? (Tr., pp.49-51, p.86).

- Fourth, what does the right to file a motion for reconsideration imply about the trial court's powers? (Tr., p.86).

Case law shows that a District Court has absolute power to reconsider dismissed claims on its own accord, and reinstate them if need be. However, CFC precedent demonstrates that this inherent power of the court does not defeat jurisdiction already imbued in the CFC. As shown below, Plaintiffs' District Court tort claims were not pending within the meaning of 28 U.S.C. §1500 at the time this CFC action was filed.

I. A District Court Has Discretionary Power To Reinstate Dismissed State Law Tort Claims.

At oral argument, this Court asked both counsel whether the District Court retains the power to reinstate the dismissed State law tort claims. The District Court does retain the power to modify any interlocutory order and reinstate the State law tort claims.

A District Court's power to dispose of less than all claims through either a final or interlocutory disposition is governed by Federal Rule of Civil Procedure ("FRCP") Rule 54(b). A District Court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FRCP Rule 54(b). Absent such an express determination and direction, however,

> any order or other form of decision . . . which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FRCP 54(b). Thus, FRCP 54(b) "explicitly grant[s] courts the authority to modify their interlocutory orders." Balla v. Idaho State Bd. Of Corrs., 869 F.2d 461, 464 (9th Cir. 1989).

Outside the Rule 54(b) grant of authority, courts also have "inherent power to modify their interlocutory orders before entering a final judgment." Id. (citing Marconi Wireless Tel.

Co. v. United States, 320 U.S. 1, 47-48 (1943)); see also, City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 886 (9th Cir. 2001) ("If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the FRCP]. Nothing in the Rules limits the power of the court to correct mistakes made . . . until the entry of judgment"). This inherent power to modify interlocutory orders derives "from the common law, not from the Federal Rules of Civil Procedure . . . [and] the power to grant relief from erroneous interlocutory orders exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules." Santa Monica BayKeeper, 254 F.3d at 886-87. The District Court retains this power "so long as the court's jurisdiction continues." Id. at 887.

Regarding the current CFC case, this Court further inquired whether reinstatement of the dismissed State law tort claims by the District Court would deprive the CFC of jurisdiction under 28 U.S.C. § 1500.[1] There is no apparent CFC precedent addressing this precise issue.[2] The most analogous question addressed by precedent is whether the CFC loses jurisdiction where a subsequent case is filed in a District Court case raising similar claims and seeking similar relief.

---

[1] Plaintiffs analyze this particular question as if the dismissed tort claims are not pending prior to reinstatement by the District Court. If this Court decides that dismissed, but not reinstated claims, are in actuality pending, this Court's inquiry into the relevance of the District Court's power to reinstate would be moot since it cannot be reasoned that a previously dismissed pending claim would be rendered non-pending after reinstatement.

[2] Plaintiffs reiterate the belief expressed in the Opposition that the current case is controlled by Young v. United States, 60 Fed Cl. 418 (2004). In Young, after the District Court dismissed claims against HUD, the Eighth Circuit denied appeal because "the district court's order was not final and appealable." Id. at 422. Subsequently, but prior to judgment in the District Court, the Youngs filed in the CFC. Id. Regarding pendency, this Court ruled, "once a claim is *dismissed* or denied, it is no longer pending in another court . . . *until a motion for reconsideration or notice of appeal is filed.*" Id. at 425. Both the Young procedural history and holding addressing motions for reconsideration show that the CFC contemplated interlocutory dismissals. The Young court "charitable leniency" toward pro-se plaintiffs previously discussed by Defendant in context of pendency, (See Def. Mot. Dis., p.23; Reply Opp., pp.4-5), applied not to pendency but rather to a procedural irregularity created by the Youngs filing a second CFC suit before voluntary dismissal had been granted in their first CFC suit. (See 60 Fed. Cl. at 425-428).

## II. The Court of Federal Claims Is Not Deprived Of Jurisdiction By A District Court Reinstating State Law Tort Claims.

Whether state law claims filed in a District Court subsequent to the filing of a CFC action raising similar claims and seeking similar relief deprives the CFC of jurisdiction has changed over the years. However, as will be shown, at present, subsequently filed claims do not automatically deprive this Court of jurisdiction.

In UNR Indus. v. United States, 962 F.3d 1013 (Fed. Cir. 1992), the Federal Circuit noted its presumption that the 28 U.S.C. § 1500 drafters knew "[i]t is fundamental that jurisdiction is established, if at all, at the time suit is filed." Id. at 1022. The UNR court reasoned that § 1500's language shows Congress' intent that "upon the occurrence of the triggering event, the filing of suit in another court, the Claims Court is automatically divested of jurisdiction." Id. As the court reasoned, any other holding would conflict with the purpose of "saving the government from defending the same claim in two courts at the same time." Id. at 1023. Thus, the court held that although parties' activity in the CFC subsequent to jurisdiction attaching does not deprive the CFC of jurisdiction, "the result here occurs by operation of law." Id.

In so holding, the UNR court purported to overrule a previous CFC case, Tecon Eng'rs, Inc. v. United States, 170 Ct. Cl. 389 (1965). See UNR, 962 F.2d at 1023. In Tecon, the CFC started with the premise that "the court having equal and concurrent jurisdiction over the subject matter which first obtains and exercises this jurisdiction, retains jurisdiction until a final judgment is entered." 170 Ct. Cl. at 394. The court noted that "[t]his clearly recognized rule of comity has not been abrogated or repealed by any language in Section 1500." Id. Thus, the Tecon court held that § 1500 deprives the CFC of jurisdiction "*only* when the suit shall have commenced in the other court *before* the claim was filed in this court." Id. at 399 (court's emphasis).

The Tecon court reasoned that an opposite conclusion could lead to "excessive [delay] and expense of fruitless litigation." Id. By way of example, a plaintiff might "carry his claim . . . through trial . . . then through oral argument before the court and then, becoming suddenly apprehensive about the outcome or perhaps even an adverse judgment, say to this court, 'Let's

call the whole thing off' by merely filing an identical petition in the District Court." Id. at 399-400. The Tecon court concluded that Congress could never have intended "such a *reductio ad absurdum*" which would allow control of the CFC's "jurisdiction and administrative functions at the mere whim of a litigant." Id. at 400 (internal quotations omitted).

In the current case, Defendant apparently believes the pendency of subsequently filed District Court cases is controlled by UNR. (See Def. Supp. Br., p.2). However, the Supreme Court granted certiorari in Keene, a subsequent iteration of the UNR case, and when confronted with the conflict between UNR and Tecon the Court stated "We do not decide whether the statute also continues to bar a plaintiff from prosecuting a claim in the Court of Federal Claims while he has pending a later-filed suit in another court 'for or in respect to' the same claim." Keene Corp. v. United States, 508 U.S. 200, 209 n.4 (1993) (citing to Cf. Tecon). But, the Supreme Court noted that regarding UNR, "this case does not raise that issue." Id. (citing UNR, 962 F.2d at 1030 n.5 (Plager, J., dissenting)). As Judge Plager noted in the UNR dissent, the majority rule divesting the CFC of jurisdiction upon a subsequent similar filing in a District Court "is dictum, since none of the claims before the court in these cases arose out of [that] fact pattern; they were all cases of filings first in the district courts, and only later in the Claims Court." UNR, 962 F.2d at 1030 n.5 (Plager, J., dissenting).

Subsequent to UNR, the Federal Circuit has revisited the issue, and Tecon has gained new life. As held in Hardwick Bros. Co. II v. United States [72 F.3d 883, 886 (Fed. Cir. 1995)], "After UNR/Keene and Loveladies I, Tecon Engineers remains good law and binding on this court."; see also, Loveladies Harbor v. United States, 27 F.3d 1545, 1549 (Fed. Cir. 1994) (quoting Keene, 508 U.S. at 216, "In applying § 1500 to the facts of this case, we find it unnecessary to consider, much less repudiate, the 'judicially created exceptions' to § 1500 found in *Tecon Engineers*") [cited by Hardwick Bros. as Loveladies I]; Bianchi v. United States, 68 Fed. Cl. 442, 456 (Ct. Cl. 2005) ("This court, however, is not divested of jurisdiction over a complaint filed in the Court of Federal Claims by a later filing in a federal District Court").

Thus, current and binding caselaw allows the CFC to retain jurisdiction even if a later claim based on the same facts and seeking similar relief is filed in a District Court.

Applying Tecon, Harwick Bros., Loveladies Harbor, and Bianchi to this case, it is clear that the CFC would not be divested of jurisdiction if the District Court judge were to reinstate the California State law tort claims. The question of pendency is one of timing, not of the mechanism by which the claims come before the District Court. If, pursuant to Tecon, a later filed District Court case would not divest the CFC of jurisdiction, later judicially reinstated claims should fail to do so as well. The UNR court, according to the Supreme Court in Keene, offered only dicta to refute this established rule.

However, assuming, arguendo, this Court accepts the UNR holding that later filed cases wrest jurisdiction from the CFC through statutory power, that would not change the outcome of this case. Divestment of jurisdiction, even under UNR "occurs by operation of law." And, as the UNR court noted, "jurisdiction is established, if at all, at the time suit is filed." 962 F.2d at 1022. Jurisdiction was established upon filing in the CFC, and would only be wrested from this Court by operation of law if and when the District Court decided to reinstate the dismissed State law tort claims. Thus, even under the UNR holding, this Court has jurisdiction and would only lose it, by action of statute, if the District Court judge reinstated dismissed claims.

Clearly, under either Tecon or UNR, the CFC has jurisdiction over the Inverse Condemnation claim currently before the court. Furthermore, under the controlling rule of Tecon, even if the District Court reinstates the dismissed claims, this Court would still retain its jurisdiction. Any other holding would allow litigants to pursue a CFC case and extract themselves from a perceived impending negative judgment by simply filing in a District Court at a time of their choosing, subjecting the jurisdiction of this Court to the whim of unhappy plaintiffs.

## III. Voluntarily Dismissed Claims Are Not Pending Before A District Court.

This Court inquired of the parties whether Plaintiffs could voluntarily dismiss claims before the District Court, and if done, what the affect would be on that court's jurisdiction over

those claims. Defendant is correct that once an action proceeds beyond the filing of the answer or a motion for summary judgment the plaintiff can no longer utilize Rule 41(a)(1) to voluntarily dismiss the entire action without a court order. (See Def. Supp. Br., p.5). However, that fact has little bearing on the issue before the court today.

Under the FRCP, and as relevant here, Rule 41(a)(1) only addresses the power of parties to stipulate to dismissal of entire actions without court order, not claims. Rule 41(a)(1) states, as relevant: "an action may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

However, Defendant misinterprets Rule 41(a), as case law indicates many people do, with respect to dismissal of less than all claims. Rule 41(a) applies only when the parties seek to dismiss all claims, i.e. the entire action, but is not available to dismiss fewer than all claims. See, Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988) ("Plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint"); see also, Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987) ("when Rule 41(a) refers to *dismissal of an action*, there is no reason to suppose that the term is intended to *include the separate claims which make up an action*") (court's emphasis).

Instead, where a plaintiff seeks unilateral dismissal of fewer than all claims, the plaintiff's motion should be treated as an amendment under Rule 15. See, Ethridge, 861 F.2d at 1392 ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism 'where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants'") (citing Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* para. 41.06-1, at 41-83 to –84 (1987)); see also, Gronholz, 836 F.2d at 518 ("while often dubbed a Rule 41(a) voluntary dismissal, the procedure whereby a court grants plaintiff's motion to dismiss one count of a multi-count complaint is more properly viewed as a Rule 15 amendment to the complaint") (citation and quotations omitted). Thus, a motion can be made requesting a District Court dismiss less than all claims, but the technical mechanism is an amended complaint under Rule 15.

The above distinction usually does not matter. In either case, the matter is no longer before the court and the parties proceed on other issues. However, it can make a difference in a CFC case, because, whereas a dismissed claim could theoretically be considered "pending" before the District Court prior to a final judgment, as Defendant posits in this case, an amended complaint would remove the claim from the case. Where a complaint has been amended pursuant to Rule 15, that matter would no longer be pending before the District Court and would pose no bar to the CFC jurisdiction.

In summary, voluntary dismissal under Rule 41(a)(1) would dispose of the entire action, such that it would no longer be pending before the District Court. And, a plaintiff's motion to dismiss less than all claims is granted, if at all, through Rule 15, which amends the complaint to remove the claim, thereby destroying the pendency of that claim. This result means that any further action to bring the claim before a District Court would require a subsequent filing of that claim, if possible, and be treated the same for purposes of pendency under 28 U.S.C. §1500, as discussed above.

## IV. The Right To Seek Reconsideration Does Not Affect Court of Federal Claims Jurisdiction.

At oral argument the court asked what the right to seek reconsideration implied about a trial court's powers and final disposition of the case. (Transcript, p.86). As discussed above, a district court has inherent power to reconsider *sua sponte* any order in a case which has not gone to final judgment. See, e.g., Santa Monica BayKeeper, 254 F.3d at 886 ("the power to grant relief from erroneous interlocutory orders . . . has long been recognized as within the plenary power of courts"). A District Court may alternatively grant a motion for reconsideration filed by a party. See United States v. Smith, 389 F.3d 944, 947-48 (9th Cir. 2004).

Whether raised *sua sponte* or upon motion by a party, reconsideration of an interlocutory order is subject to the sole discretion of the District Court.[3] [4] Because the court has sole discretion to hear such motions, any party may file a request for the court to reconsider an interlocutory ruling at any time.[5] Given that the trial court's exercise of inherent power governs requests for reconsideration of interlocutory orders, Plaintiffs believe this issue is governed by the same considerations discussed above with respect to *sua sponte* reconsideration by the court. (See discussion infra Parts "I & II" pp.1-7) Specifically, Plaintiffs reiterate that dismissed tort claims are not pending within the meaning of 28 U.S.C. §1500 where the District Court has the inherent power to reconsider its dismissal order.

V. Conclusion

The District Court, in this case and all others, has the power to reinstate claims and reconsider any interlocutory order prior to issuing a final judgment. The District Court has not done so in this case, but even if it did, Plaintiffs would be procedurally in the same position, for purposes of 28 U.S.C. §1500 pendency, as a party which filed a subsequent District Court action after initially filing in the CFC. Cases such as Tecon, Hardwick Bros., Loveladies I and Bianchi show that subsequent filing does not divest this Court of jurisdiction, and indicate that reinstatement by the District Court would fail to do so as well. If reinstating dismissed claims

[3] Defendant posits that filing a motion for reconsideration would not reinstitute Plaintiffs' tort claims, since there is "nothing to 'reinstate' until after a final judgment has been issued." (Def. Supp. Br., p.7 n.5). This is true with respect to final judgments and reconsideration motions under FRCP 59 and 60(b). See Balla, 869 F.2d at 466-67 (holding that "judgment . . . encompasses final judgments and appealable interlocutory orders" for purposes of motions for reconsideration). However, a "Motion for Reconsideration" of an interlocutory order can be considered by a District Court without regard for the title used (i.e., Motion for Relief, Request for Reconsideration, Motion for Reconsideration, etc.).

[4] FRCP 60(b) expressly allows a party to file a motion for relief from an order for reason of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation or other misconduct of an adverse party. However, the court "may" grant these motions "upon such terms as are just," and they are still subject to the court's discretion.

[5] The Ninth Circuit generally precludes reconsideration of a previously decided issue unless at least one of three exceptions applies: (1) the decision is clearly erroneous or manifestly injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) the availability of new substantive evidence. See Minidoka Irrig. Dist. v. DOI, 406 F.3d 567, 573 (9th Cir. 2005).

would not divest this Court of jurisdiction, then those claims should not be considered pending at this time, when no such order has been made. It would make little sense for claims to be considered pending after interlocutory dismissal and not pending after reinstatement. It follows that this Court has jurisdiction over Plaintiffs' Inverse Condemnation claim.

Dated: February 24, 2005

Respectfully submitted,

**MINASIAN, SPRUANCE, MEITH, SOARES & SEXTON, LLP**

**By:** ______________________
**MICHAEL V. SEXTON, Attorneys for Firebaugh Canal Water District and Central California Irrigation District**
Telephone: (530) 533-2885
Facsimile: (530) 533-0197

**PROOF OF SERVICE**

I, **ANNA WHITFIELD,** declare:

I am employed by the law firm of MINASIAN, SPRUANCE, MEITH, SOARES & SEXTON, LLP My business address is 1681 Bird Street, Post Office Box 1679, Oroville, California 95965-1679. I am over the age of eighteen (18) years and not a party to this action.

On February 24, 2006, I served the document(s) set forth below in the manner indicated:

( ) **Overnight Service**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope in the California Overnight collect collection box for next morning delivery.

( ) **Facsimile Service**: By personally faxing documents to the attached Service List.

( ) **Service By Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

(X) **Service By Mail (Collection)**: By enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing at Oroville, California, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. It is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

( ) **Personal Service**: By personally delivering documents to the person named below, at the address indicated.

**Document(s) Served**: **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING 28 U.S.C. §1500 PENDENCY**

**Person(s) Served**: Kristine S. Tardiff
United States Department of Justice
Enviroment & Natural Resources Division
c/o U.S. Attorney's Office
55 Pleasant Street, 4th Floor
Concord, NH 03301

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2006, at Oroville, California.

Anna Whitfield
**ANNA WHITFIELD**